1 | JOHN L. SLAFSKY, State Bar No. 195513
jslafsky@wsgr.com
2 | HOLLIS BETH HIRE, State Bar No. 203651
hhire@wsgr.com
3 | MATT KUYKENDALL, State Bar No. 248320
mkuykendall@wsgr.com
4 | WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
5 | 650 Page Mill Road
Palo Alto, CA 94304-1050
6 | Telephone: (650) 493-9300
Facsimile: (650) 565-5100
7
Attorneys for Plaintiff
8 | Align Technology, Inc.

**FILED**

2007 DEC 10  PM 12: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

9 |                   UNITED STATES DISTRICT COURT

10 |                  CENTRAL DISTRICT OF CALIFORNIA

11 |

**CV07-08015 PA AJWx**

12 | ALIGN TECHNOLOGY, INC., a
Delaware Corporation
13 |                        Plaintiff,

14 |        v.

15 | BAUM ORTHODONTICS, a California
ASSOCIATES, INC., a California
16 | corporation
                   Defendant.

CASE NO.:

COMPLAINT FOR
TRADEMARK
INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN,
TRADEMARK DILUTION,
VIOLATION OF
ANTICYBERSQUATTING
CONSUMER PROTECTION
ACT, UNFAIR COMPETITION,
AND FALSE ADVERTISING

JURY DEMAND

CERTIFICATION OF
INTERESTED PARTIES

---

Plaintiff Align Technology, Inc. ("Plaintiff") alleges as follows:

## THE PARTIES

1.    Plaintiff is a Delaware Corporation with its principal place of business at 881 Martin Avenue, Santa Clara, California 95050.

2.    Plaintiff is informed and believes, and therefore alleges, that Defendant Baum Orthodontic Associates, Inc. ("Defendant") is a California

corporation, with its principal places of business at 10921 Wilshire Boulevard, Suite 804, Los Angeles, California 90024 and 8540 Sepulveda Boulevard, Suite 1012, Los Angeles, California 90045.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1338 and 1331.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims as well as jurisdiction under 28 U.S.C. § 1338(b) because the state law claims are joined to a substantial and related trademark claim.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this complaint occurred within this judicial district and Defendant resides in this district.

## BACKGROUND FACTS

**Plaintiff's Product and Trademarks**

5.     Plaintiff is a medical device company engaged in the design, manufacture and marketing of Invisalign, the world's leading transparent orthodontic product ("Invisalign Product").

6.     The Invisalign Product is a series of clear, removable aligners that orthodontists and dentists offer their patients – instead of braces – to straighten the patients' teeth.  To begin the process, a dentist or orthodontist takes an impression of the patient's teeth.  Based on this impression, Plaintiff manufactures a custom series of aligners for the patient.  The patient wears the first set of aligners (one top and one bottom) for several weeks, then transitions to the next set; the patient continues to transition to new sets of aligners every few weeks until the patient's teeth have moved gradually to the final straightened position.

7.     Since the Invisalign Product first became available in 1999, more than 600,000 people in North America have used it.  Approximately 30,000 doctors in the North America offer the Invisalign Product to patients in every state of the United States.  Plaintiff has trained over eighty percent of all orthodontists in the

United States.  From January 2006 to September 2007 alone, Plaintiff spent over $45 million in advertising, marketing and promotion of its Invisalign Product in North America.

8.      Plaintiff uses and has registered several trademarks in connection with its Invisalign Product and related products and services.  In addition to the INVISALIGN trademark, Plaintiff has used and registered as a trademark its company name ALIGN as well as the slogan: THE CLEAR WAY TO STRAIGHTEN TEETH.  Plaintiff has also used and applied for trademark registration for the slogan THE CLEAR ALTERNATIVE TO BRACES.

9.      Plaintiff has been using the trademark INVISALIGN in connection with orthodontic products since at least as early as September 9, 1999.

10.      On November 28, 2000, Plaintiff obtained a federal registration for its INVISALIGN trademark, U.S. Trademark Registration No. 2,409,473, covering "dental apparatus, namely plastic orthodontic appliance."  This registration is now incontestable.

11.      Plaintiff has also been using the trademark INVISALIGN in connection with computer software related to orthodontics since at least as early as February 22, 1999.

12.      On February 21, 2006, Plaintiff obtained a federal registration for its INVISALIGN trademark, U.S. Trademark Registration No. 3,060,471, covering "Computer software, namely digital imaging software used to depict tooth movement and proposed treatment plan; computer software used to provide, track and modify proposed courses of orthodontic treatment and patient data and information related thereto."

13.      Plaintiff has also been using the trademark INVISALIGN in connection with training related to orthodontics appliances since at least as early as August 1, 1999.

14.     On January 2, 2007, Plaintiff obtained a federal registration for its INVISALIGN trademark, U.S. Trademark Registration No. 3,191,195, covering "training in the use of orthodontic appliances" and "orthodontic and dentistry services."

15.     Plaintiff has been using the trademark ALIGN in connection with orthodontic products goods since at least as early as September 9, 1999.

16.     On April 10, 2007, Plaintiff obtained a federal registration for its ALIGN trademark, U.S. Trademark Registration No. 3,259,957, covering the "dental apparatus, namely plastic orthodontic appliance."

17.     Plaintiff has also been using the trademark ALIGN in connection with orthodontic services and training since at least as early as August 1, 1999.

18.     On December 5, 2006, Plaintiff obtained a federal registration for its ALIGN trademark, U.S. Trademark Registration No. 3,181,043, covering the "orthodontic services" and "training in the use of orthodontic appliances."

19.     Plaintiff has been using the trademark THE CLEAR WAY TO STRAIGHTEN TEETH in connection with orthodontic products since at least as early as August 31, 2002.

20.     On March 13, 2007, Plaintiff obtained a federal registration for THE CLEAR WAY TO STRAIGHTEN TEETH, U.S. Trademark Registration No. 3,216,998, for "dental apparatus, namely plastic orthodontic appliances."

21.     Plaintiff has been using the trademark THE CLEAR ALTERNATIVE TO BRACES in connection with orthodontic products since at least as early as 2003.

22.     On July 10, 2007, Plaintiff filed an application for THE CLEAR ALTERNATIVE TO BRACES, U.S. Trademark Serial No. 77/226,385, for "dental apparatus, namely, orthodontic appliance."

23.     As a result of Plaintiff's extensive and continuous use of its trademarks in the United States, Plaintiff's marks have developed and possess secondary meaning in the minds of the purchasing public.

24.     As a result of Plaintiff's widespread use of the mark in the United States, Plaintiff's INVISALIGN mark has become famous.  As a result of Plaintiff's marketing and tremendous success of the Invisalign Product, the INVISALIGN mark is recognized by the general consuming public of the United States.

**Prior Relationship Between Plaintiff and Defendant, and Defendant's Prior Infringing Conduct**

25.     Plaintiff offers its Invisalign Products through a network of dentists and orthodontists who are approved and authorized by agreement to offer and sell the products ("Certified Providers").

26.     Defendant is a former Certified Provider.  In or about 2002, Plaintiff terminated Defendant's Certified Provider status because Plaintiff believed that Defendant was enticing customers to its practice using Plaintiff's trademarks and purporting to offer the Invisalign Product, and then instead treating patients with Defendant's own competing, orthodontic product.

27.     On information and belief, in 2004, Defendant began marketing its own competing orthodontic product – which is similar in appearance and purpose to Plaintiff's Invisalign Product – under Plaintiff's ALIGN trademark.

28.     On December 1, 2005, Plaintiff sent a cease-and-desist letter to Defendant, demanding that Defendant immediately cease use of the ALIGN trademark for Defendant's products.

29.     In a December 8, 2005 letter to Plaintiff's counsel, Defendant agreed to comply with Plaintiff's demands.

**Defendant and Its Continued Infringing Conduct**

30.     On information and belief, Defendant continues to manufacture and offer its own transparent orthodontic products, which are similar to Plaintiff's Invisalign Product.

31.     On information and belief, after representing to Plaintiff that it would cease all use of the ALIGN trademark, Defendant has continued to market its competing, transparent orthodontic product under Plaintiff's ALIGN trademark.

32.     On information and belief, after representing to Plaintiff that it would cease all use of the ALIGN trademark, in or about 2007 Defendant adopted the confusingly similar mark CLEARALIGN for its competing, transparent orthodontic product (the "ClearAlign Product").  Defendant emphasizes the "Align" portion of mark by capitalizing the "a" in Align, so the mark reads: "ClearAlign."

33.     On information and belief, in or about 2007 Defendant adopted the mark THE CLEAR WAY TO A PERFECT SMILE for use in connection with the ClearAlign Product ("THE CLEAR WAY Slogan").

34.     On information and belief, in or about 2007 Defendant adopted the mark THE ALTERNATIVE TO BRACES for use in connection with the ClearAlign Product ("THE ALTERNATIVE TO BRACES Slogan").

35.     On information and belief, Defendant has used the CLEARALIGN mark, THE CLEAR WAY Slogan and THE ALTERNATIVE TO BRACES Slogan in connection with the ClearAlign Product in its offices and in various advertising media, including promotional flyers, web pages, and television commercials.

36.     On information and belief, Defendant has distributed promotional flyers to current and potential patients.  The flyers feature the CLEARALIGN mark and THE CLEAR WAY Slogan in connection with the ClearAlign Product.

37.     On information and belief, Defendant owns and operates the Baum Orthodontics website at the Internet address www.baumorthodontics.com (the "Baum Website"), where Defendant advertises its orthodontic products and services, including the ClearAlign Product.  The Baum Website prominently features Plaintiff's trademark ALIGN as well as the CLEARALIGN mark, THE CLEAR WAY Slogan and the ALTERNATIVE TO BRACES Slogan in connection with the ClearAlign Product.

38.     On information and belief, the Baum Website features various claims about the alleged superiority and uniqueness of the ClearAlign Product, including "The ClearAlign System is *the* invisible way to straighten your teeth" (emphasis added).

39.     On information and belief, Defendant's statement on the Baum Website that "the ClearAlign System is *the* invisible way to straighten your teeth" is an intentional and knowing misrepresentation that Defendant's product is the only transparent product available, and/or is the same as the Invisalign Product with which the consumer is likely already familiar.

40.     On information and belief, on or about September 18, 2007, Defendant registered the domain name www.clearalignorthodontics.com, and has been operating a website at this Internet address (the "ClearAlign Website").  The ClearAlign Website prominently features the CLEARALIGN mark in the advertisement of Defendant's ClearAlign Product, and features claims about the singular effectiveness of the ClearAlign Product.  One such claim reads "ClearAlign is the only truly interactive invisible orthodontic technique."

41.     On information and belief, Defendant has caused the creation and distribution of television commercials for the ClearAlign Product.  These television commercials aired on or about October 20, 2007 and October 21, 2007 in the greater Los Angeles, California market, and featured the CLEARALIGN mark and THE CLEAR WAY Slogan in connection with Defendant's ClearAlign Product.

42.     In view of the near identity of Defendant's mark CLEARALIGN mark with Plaintiff's marks INVISALIGN and ALIGN, for use in connection with highly similar goods, and distributed through the identical channels of trade to the identical target consumers, among other factors, Defendant's use of the CLEARALIGN mark is likely to cause confusion in the marketplace.  The resulting confusion will cause damage Plaintiff, injure its reputation in the trade and with the public, and dilute the distinctive quality of Plaintiff's famous INVISALIGN mark.

43.     In view of the extreme similarity between Defendant's trademark THE CLEAR WAY TO A PERFECT SMILE and Plaintiff's trademark THE CLEAR WAY TO STRAIGHTEN TEETH for use in connection with identical goods, and distributed through the identical channels of trade to the identical target consumers, among other factors, Defendant's use of THE CLEAR WAY TO A PERFECT SMILE mark is likely to cause confusion in the marketplace.  The resulting confusion will cause damage Plaintiff and injure its reputation in the trade and with the public.

44.     In view of the extreme similarity between Defendant's trademark THE ALTERNATIVE TO BRACES and Plaintiff's trademark THE CLEAR ALTERNATIVE TO BRACES for use in connection with identical goods, and distributed through the identical channels of trade to the identical target consumers, among other factors, Defendant's use of THE ALTERNATIVE TO BRACES mark is likely to cause confusion in the marketplace.  The resulting confusion will cause damage Plaintiff and injure its reputation in the trade and with the public.

## FIRST CAUSE OF ACTION

(Infringement of Registered Trademarks, 15 U.S.C. § 1114)

45.     Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as set though fully forth herein.

46.    Plaintiff is the owner of the federal trademark registrations for the trademarks INVISALIGN, ALIGN, and THE CLEAR WAY TO STRAIGHTEN TEETH as set forth above.

47.    Defendant has used in commerce, without Plaintiff's consent, marks that are highly similar to Plaintiff's federally registered INVISALIGN, ALIGN and THE CLEAR WAY TO STRAIGHTEN TEETH trademarks and that, taking into account the extremely similar commercial activities of the parties and other factors, are likely to cause confusion, deception, or mistake among consumers.

48.    As a consequence of Defendant's infringement of the marks INVISALIGN, ALIGN, and THE CLEAR WAY TO STRAIGHTEN TEETH, Plaintiff is entitled to an injunction as set forth below, an order of destruction of all of Defendant's infringing materials, Defendant's profits, Plaintiff's damages, and Plaintiff's costs of action.

49.    Because this is an exceptional case, involving calculated and willful misconduct by Defendant, Plaintiff is entitled to recover treble damages, treble profits and attorneys' fees against Defendant.

## SECOND CAUSE OF ACTION

(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

50.    Plaintiff realleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.    Defendant's acts described above, including its use in commerce of marks that are highly similar to the marks INVISALIGN, ALIGN, THE CLEAR WAY TO STRAIGHTEN TEETH and THE CLEAR ALTERNATIVE TO BRACES, are likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation or approval of Defendant's goods and services.  Further, Defendant's acts described above constitute false representation of fact that are also likely to cause confusion, mistake, or deceptive as to the source, sponsorship, affiliation, or approval of Defendant's goods and services.

52.     As a consequence of Defendant's violation, Plaintiff is entitled to an injunction as set forth below, an order of destruction of all of Defendant's infringing materials, Defendant's profits, Plaintiff's damages and Plaintiff's costs of action.

53.     Because this is an exceptional case, involving calculated and willful misconduct by Defendant, Plaintiff is entitled to recover treble damages, treble profits and attorneys' fees against Defendant.

## THIRD CAUSE OF ACTION

(Trademark Dilution, 15 U.S.C. § 1125(c))

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55.     Plaintiff's INVISALIGN mark is a famous and distinctive mark.  The INVISALIGN mark was famous and distinctive before Defendant began using the CLEARALIGN mark in connection with its ClearAlign Product.

56.     Defendant's commercial use of the CLEARALIGN mark has caused dilution of the distinctive quality of Plaintiff's INVISALIGN mark.  Defendant willfully intended to cause dilution of Plaintiff's famous INVISALIGN mark.

57.     As a consequence of Defendant's willful dilution of the Plaintiff's famous trademark, Plaintiff is entitled to an injunction as set forth below, an order of destruction of all of Defendant's infringing materials, Defendant's profits, Plaintiff's damages and Plaintiff's costs of the action associated with enforcing its rights in the INVISALIGN mark.

58.     Because this is an exceptional case, involving calculated and willful misconduct by Defendant, Plaintiff is entitled to recover treble damages, treble profits, and attorneys' fees against Defendant.

## FOURTH CAUSE OF ACTION

(Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

59.     Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60.     Defendant registered the domain name www.clearalignorthodontics.com and uses the domain name to display the ClearAlign Website.

61.     Defendant has registered and used a domain name that is confusingly similar to, and dilutive of, Plaintiff's INVISALIGN and ALIGN trademarks.

62.     Defendant did not use the domain name www.clearalignorthodontics.com in connection with the bona fide offering of any goods or services before Plaintiff developed enforceable rights in the INVISALIGN trademark.

63.     Defendant does not make bona fide noncommercial or fair use of the INVISALIGN or ALIGN trademark at www.clearalignorthodontics.com.

64.     Defendant intends to divert consumers seeking Plaintiff's products and services to the ClearAlign Website at www.clearalignorthodontics.com by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the ClearAlign Website.  Defendant's acts are for commercial gain and harm the good will Plaintiff has earned in its INVISALIGN and ALIGN trademarks.

65.     Defendant's acts described above demonstrate bad faith intent to profit from Plaintiff's INVISALIGN mark.

66.     As a consequence, Plaintiff is entitled to an injunction as set forth below, Defendant's profits, Plaintiff's damages, statutory damages, and costs of action.

67.     Because this is an exceptional case, involving calculated and willful misconduct by Defendant, Plaintiff is entitled to recover treble damages, treble profits and attorneys' fees against Defendant.

## FIFTH CAUSE OF ACTION

(Unlawful Business Practices – Cal. Bus. & Prof. Code § 17200 *et seq*.)

68.     Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69.   Defendant's use of a trademark, trade name, and domain name that is confusingly similar to those used by Plaintiff constitutes unfair, deceptive, untrue and misleading advertising.

70.   Defendant's actions complained of herein are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California Business and Professions Code §17200 *et seq*.

71.   Defendant's acts described above have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Accordingly, Plaintiff is entitled to an injunction under California Business and Professions Code §17203, as well as restitution and disgorgement of Defendant's profits.

## SIXTH CAUSE OF ACTION

(False Advertising – California Business & Professions Code §17500 *et seq*.)

72.     Plaintiff realleges and incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

73.   Defendant's ongoing offers to sell its products under the marks CLEARALIGN, THE CLEAR WAY TO A PERFECT SMILE and THE ALTERNATIVE TO BRACES are disseminated to and received by the public in California.  Defendant has engaged in these actions with the intent to provide its products, and/or to induce the public to enter into an obligation relating to such products.  Such actions (which are likely to deceive the public as to the source,

sponsorship, affiliation, or approval of Defendant's products) constitute unfair, deceptive, untrue or misleading advertising under California Business and Professions Code §17500, and also amount to a separate and further violation of California Business and Professions Code §17200 *et seq.*

74.   Defendant's acts described above have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Accordingly, Plaintiff is entitled to an injunction under California Business and Professions Code §17535, as well as restitution and disgorgement of Defendant's profits.

## SEVENTH CAUSE OF ACTION

### (Common Law Unfair Competition)

75.    Plaintiff realleges and incorporates by reference paragraphs 1 through 74 as though fully set forth herein.

76.   Defendant's acts described above constitute unfair competition in violation of the common law of the State of California.

77.   Defendant's acts described above have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff is entitled to an injunction as set forth below, as well as damages to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

a.    That the Court preliminarily and permanently enjoin Defendant, its subsidiaries, parent and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, employees, and attorneys of those companies or individuals, and all others in active concert or participation with Defendant, from using the ALIGN, CLEARALIGN, THE CLEAR WAY TO A PERFECT SMILE and THE ALTERNATIVE

1   TO BRACES marks, the www.clearalignorthodontics.com domain name,

2   and any other mark, word, name or domain name that is likely to cause

3   confusion with, or cause dilution of, Plaintiff's trademarks;

4   b.   That the Court require Defendant and all others holding by, through or

5   under them, to deliver up for destruction all products, labels, signs, prints,

6   packages, wrappers, receptacles, advertisements, website content,

7   television advertisements and other electronic forms of data in its

8   possession or control bearing the ALIGN mark, the CLEARALIGN

9   mark, THE CLEAR WAY TO A PERFECT SMILE mark, THE

10   ALTERNATIVE TO BRACES mark and related trademarks, the

11   www.clearalignorthodontics.com domain name, and any other variation

12   of Plaintiff's marks;

13   c.   That the Court order Defendant to transfer the domain name

14   www.clearalignorthodontics.com to Plaintiff;

15   d.   That the Court order Defendant to pay the maximum statutory damages

16   available for the registration and/or use of the

17   www.clearalignorthodontics.com domain name;

18   e.   That the Court order Defendant to post prominently a disclaimer on

19   www.baumorthodontics.com stating that Defendant is not affiliated with

20   Plaintiff or authorized to provide Plaintiff's orthodontic products,

21   including the Invisalign product;

22   f.   That the Court order Defendant, and all others enjoined in this action,

23   jointly and severally, to file with the Court and serve on Plaintiff an

24   affidavit setting forth in detail the manner and form in which they have

25   complied with the terms of the injunction;

26   g.   That the Court require Defendant to account for and pay to Plaintiff

27   treble the amount of all profits derived by Defendant as a result of the

28   acts alleged in this action;

1    h.    That the Court order Defendant to pay to Plaintiff treble the amount of all

2          damages incurred by Plaintiff by reason of Defendant's acts alleged in

3          this action;

4    i.    That the Court award Plaintiff the costs of this action, together with

5          reasonable attorneys' fees and disbursements; and

6    j.    That the Court grant such other and further relief as the Court deems just

7          and equitable.

8

9

10   Dated: December 6, 2007          WILSON SONSINI GOODRICH & ROSATI

11                            Professional Corporation

12

13                            By: _____

14                              John L. Slafsky

15                              Hollis Beth Hire

                                 Matthew J. Kuykendall

16                            Attorneys for Plaintiff Align Technology, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT          -15-          4040070

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully demands a trial by jury of all issues in this action so triable.

Dated: December 6, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
John L. Slafsky
Hollis Beth Hire
Matthew J. Kuykendall

Attorneys for Plaintiff Align Technology, Inc.

COMPLAINT

-16-

4040070